[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14169
Non-Argument Calendar

_____

D. C. Docket No. 04-00515-CV-ORL-22KRS

DONTRAY CHANEY,

Plaintiff-Appellant,

versus

CITY OF ORLANDO, FL,
a municipal corporation,

JONATHAN CUTE,                                              Defendant,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 26, 2008)**

Before BIRCH, CARNES and BARKETT, Circuit Judges.

BIRCH, Circuit Judge:

Plaintiff-appellant Dontray Chaney appeals the district court's judgment as a matter of law for defendant-appellee Jonathan Cute in Chaney's 42 U.S.C. § 1983 action. On remand, Chaney v. City of Orlando, Florida, 483 F.3d 1221 (11th Cir. 2007), the district court granted Cute's motion to set aside the jury verdict, granted Cute judgment as a matter of law on the excessive force issue finding that he was entitled to qualified immunity, reduced the awarded punitive damages, and denied Cute's motion for new trial. Because the district court correctly concluded that the jury's verdict regarding the excessive force claim was not supported by substantial evidence and that the amount awarded for punitive damages was unconstitutional, it correctly granted Cute's judgment as a matter of law and reduced the awarded punitive damages. We AFFIRM.

## I. BACKGROUND

Following a jury trial in 2006, the district court granted Cute's renewed motion for judgment of a matter of law and entered judgment for Cute and for defendant City of Orlando.[1] Id. at 1226. Cute argued in his motion for judgment as a matter of law that he was entitled to qualified immunity on the excessive force

---

[1] As we noted in Chaney, the judgment as to the City of Orlando was not initially appealed and was not disturbed on appeal. 483 F.3d 1221, 1226 n.7. It was neither addressed on remand nor appealed and will not be addressed in this opinion. R10-184, 188.

2

claim. R9-158 at 3. Chaney appealed, and on appeal, we reversed and remanded for consideration of Cute's renewed motion for judgment as a matter of law and motion for a new trial. Chaney at 1229. We found that the district court used an improper legal analysis by placing "undue weight" on the jury's findings regarding probable cause. Id. We instructed that the district court should "limit[] its inquiry as to whether there was sufficient evidence in the record to support [the] jury's finding of excessive force and its imposition of liability" on Cute. Id. at 1228.

On remand, the district court granted Cute's motion to set aside the jury verdict. R10-184 at 1. It clarified that only the excessive force claim was considered in Cute's Federal Rule of Civil Procedure 50 motion and explained that the wrongful arrest and malicious prosecution claims were decided by the jury against Chaney. Id. at 8. The district court noted that, because both parties had stipulated that Cute was employed as a law enforcement officer by the City of Orlando, Florida Police Department and was acting within his official capacity at the time of his interaction with Chaney, the burden shifted to Chaney to establish that qualified immunity did not apply. The district court also noted that the jury found that Cute had probable cause to arrest Chaney and had also found that Cute used excessive force in that arrest. The district court concluded that Cute was entitled to qualified immunity because (a) he followed Orlando Police Department

3

guidelines in using his Taser during the arrest, (2) there was no clearly established law which could have provided Cute with notice that his actions could be considered as excessive force or that his use of force to prevent Chaney from communicating with the hostile crowd was unreasonable, and (c) Cute's actions did not obviously violate Chaney's Fourth Amendment rights. The district court also held that Chaney was not entitled to recover punitive damages because he did not have any valid claims.[2] Id. at 23. The district court denied Cute's motion for a new trial, holding that the jury's verdict was not contradictory and was supported by ample evidence. Chaney appeals.

## II. DISCUSSION

On appeal, Chaney argues that the district court erred by reweighing the evidence and by failing to determine whether there was sufficient evidence to support the jury verdict for Chaney and for punitive damages. He contends that the district court reweighed the evidence, in consideration of the motion for judgment as a matter of law, because it had held, on summary judgment, that "no reasonable officer could have concluded that the license tag [on Chaney's vehicle] was obscured." R6-103 at 27. He claims that the jury specifically did not find that a

---

[2] The district court alternatively found that punitive damages were unconstitutionally excessive, and that an appropriate multiplier was 9 times the compensatory damages or $8749.35. R10-184 at 23, 27.

4

reasonable officer would have believed that Chaney resisted Cute's lawful directive or that Chaney's response to his seizure by Cute would have provided Cute with probable cause to believe that he had the authority to arrest and seize Chaney. He argues that the district court erroneously inferred that Chaney actively resisted arrest when he put his hand over the ignition when Cute reached into the car, attempted to incite the crowd when he asked someone to call his mother, and struggled with Cute when Cute grabbed Chaney and pulled him out of the car. He contends that the district court erroneously inferred that the force that Cute used on Chaney was de minimis because he suffered permanent scars from the Taser barbs and needed medical treatment for his sustained injuries. He claims that the amount of force used was not objectively reasonable in light of the minimal governmental interest to be protected regarding the visible vehicle tag. He contends that we required the district court to find that there was insufficient evidence to support the jury verdict to enter judgment as a matter of law.

The issues of probable cause and qualified immunity were discussed by the parties and the court during the charge conference. Chaney did not object to the proposed instructions or to the special verdict form to be provided to the jury. See generally R14 at 167-90. On the special verdict form, the jury found that Cute reasonably believed that Chaney's vehicle tag was obstructed when he stopped

5

Chaney and that Chaney resisted his directives and attempted arrest. Chaney, 483 F.3d at 1225. It also found, however, that Cute intentionally violated Chaney's rights against excessive or unreasonable force during an arrest by unreasonably using force in Chaney's arrest and in tasing Chaney; that Cute acted with malice in his citation of Chaney; and that Cute's acts were the proximate or legal cause of Chaney's damages. It awarded Chaney nominal damages for medical and legal expenses, and assessed $100,000 in punitive damages against Cute for acting with malice or reckless indifference to Chaney's rights.

Although a qualified immunity defense is typically considered early in a case, the qualified immunity issue may proceed to trial if the evidence, viewed in the light most favorable to the plaintiff, indicates that there are facts that do not support a qualified immunity defense. Johnson v. Breeden, 280 F.3d 1308, 1317 (11th Cir. 2002). Through the use of special interrogatories, a jury "decides the issues of historical fact that are determinative of the qualified immunity defense." Id. at 1318. The court then has a duty and responsibility to "apply the jury's factual determinations to the law and enter a post-trial decision" on a defendant's Rule 50(a) motion regarding a qualified immunity defense. Id.

We review de novo a district court's grant of a motion for judgment as a matter of law and review the evidence in the light most favorable to the non-

6

moving party.  Johnson v. Paradise Valley Unified School Dist., 251 F.3d 1222, 1226 (9th Cir. 2001).  We will uphold a jury's verdict if it is supported by substantial evidence.  Id. at 1227.  Evidence is substantial if it is adequate to support the jury's conclusions even if contrary conclusions could be drawn.  Id.  Thus, although we review the entire record, we may not substitute our view of the evidence for that of the jury, and must accept the jury's conclusions regarding the evidence and disregard any evidence that the jury was not required to believe.

There is no indication that the district court erroneously reweighed the evidence regarding probable cause.  At the time of the summary judgment motion, the district court found that the traffic stop was invalid based on the record at that time and Cute's failure to rebut Chaney's photograph of the rear vehicle as it appeared on 5 June 2003.  R6-103 at 26-27.   The parties subsequently submitted a pretrial statement stipulating that the issues of probable cause and qualified immunity were to be tried.  R7-125 at 11.

During the trial, Cute testified that the license tag on Chaney's vehicle was not visible to him from the legally required 100 feet or even from 50 to 60 feet, and that, once he activated his lights and pulled behind Chaney's vehicle into a parking lot, he "struggle[d] to see the numbers" at about 10 feet.  R13 at 121-22.  Cute explained that while he was calling in the tag numbers, Chaney got out of his car.

7

Id. at 122-23. Cute said that he ordered Chaney to get back into his vehicle, but that Chaney did not comply until after Cute had drawn his Taser, again ordered Chaney to reenter his vehicle, and walked toward Chaney. Id. at 123-24. Once Chaney was back in the driver's seat of his car with his door open, Cute asked Chaney for his license, registration, and proof of insurance. Id. at 124-25. Instead of complying with Cute's request, Chaney again attempted to exit the vehicle. Id. at 125-26. Cute said that, after he again instructed Chaney to stay in the car, Chaney "dove . . . to the right . . . passenger floorboard . . . with both of his hands." Id. at 126-27. Cute reacted by reaching into the vehicle, grabbing Chaney's left arm, pulling him out of the car, and advising him that he was under arrest. Id. at 127-28. Cute explained that Chaney actively resisted his efforts to arrest him by tensing his arms so that Cute was unable to get them behind Chaney's back. Id. at 128-29. Cute called for additional police assistance while he attempted to maintain control of Chaney, who continued to struggle, by wrapping him in a bear hug and taking him to the ground. Id. at 129-31, 133, 134-35, 136. Once they were on the ground, Cute attempted to handcuff Chaney but was only able to get the handcuffs on Chaney's right arm. Id. at 132-35. Cute explained that he decided to deploy his Taser because he was "in fear of losing control" of Chaney. Id. at 135.

After Cute had discharged his Taser into Chaney, he ordered Chaney to stay

laying on his stomach and to keep his arms out to his sides.  Id. at 135-38.  When Chaney did not do so but attempted to sit up, Cute discharged his Taser again.  Id. at 138.  After his arrest, Chaney was examined and photographed by police personnel before he was transported to the jail, and examined by the jail medical staff and found to have an abrasion on his right check and two small punctures on his back where the Taser probes had entered.  R14 at 36-38.  After Chaney was released from jail, he visited the hospital for the soreness in his back and showed them the marks on his back and face.  Id. at 23-24.  He was treated and released, and did not receive any further medical treatment for his injuries.  Id. at 23-24, 43-45.  At the close of Chaney's case, Cute renewed his motions for  judgment as a matter of law as to all of the issues and for a directed verdict on punitive damages; the district judge took these motions under advisement.  R9-149; R14 at 187.

Chaney did not move for a directed verdict, and did not object to any of the jury instructions given by the district court or to the verdict form.  In fact, Chaney expressly agreed to the jury instructions and to the verdict form.  R14 at 166-187, R15 at 2-4.  The jury form did not ask the jury to determine the issue of qualified immunity, but only whether or not Cute had a reasonable belief that the license tag was obscured and that Chaney resisted his lawful directives.

Although malicious prosecution is a viable constitutional tort under 42

U.S.C. § 1983, a prevailing plaintiff must show both a violation of his Fourth Amendment right to be free from an unreasonable seizure and the elements of the common law tort of malicious prosecution. Uboh v. Reno, 141 F.3d 1000, 1002-03, 1004 (11th Cir. 1998). The elements of the common law tort of malicious prosecution are determined by a review of both federal and state law and the historical developments of those elements, but a claim based on a Fourth Amendment violation remains a federal constitutional claim that is ultimately controlled by federal law. Wood v. Kesler, 323 F.3d 872, 881, 882 (11th Cir. 2003). Based on such a review, we have held that the constituent elements of a § 1983 malicious prosecution claim include: (1) a judicial proceedings commenced against the present plaintiff by the present defendant; (2) malice and a lack of probable cause for the judicial proceeding; (3) the termination of the judicial proceeding in favor of the present plaintiff; (4) damage suffered by the present plaintiff as a result of the judicial proceeding. Id. at 882. These same elements are required under Florida law for the tort of malicious prosecution and each element must be satisfied to establish such a claim. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla. 1994).

Here Chaney can clearly establish a judicial proceeding against him as a result of the traffic citation issued by Cute (element one), the termination of the

10

judicial proceeding in his favor (element three), and financial damages suffered as a result of the judicial proceeding against him (element four). He cannot, however, establish that Cute acted with malice or without probable cause because the jury found that Cute had a reasonable belief to make the traffic stop and that Chaney was resisting arrest. Chaney's malicious prosecution claim could not, therefore, stand.

Further, where the facts and circumstances within a law enforcement officer's knowledge caused an objectively reasonable belief that an offense was being committed, probable cause exists and "is an absolute bar to a [§] 1983 action." Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir. 1990); Durruthy v. Pastor, 351 F.3d 1080, 1088 (11th Cir. 2003). Cute did not need actual probable cause to be entitled to a qualified immunity defense, however, but only "arguable probable cause" so that "the facts and circumstances must [have] be[en] such that the officer reasonably could have believed that probable cause existed." Montoute v. Carr, 114 F.3d 181, 184 (1997) (citation omitted). The jury found that Cute reasonably believed that Chaney's license tag was obscured. The jury also found that Cute reasonably believed that Chaney resisted him during the stop. Both findings were supported by the evidence and support Cute's position that he could have reasonably believed that probable cause existed for Chaney's arrest.

11

The determination of whether an officer is entitled to qualified immunity is one of law to be made by the court and not submitted to a jury. Stone v. Peacock, 968 F.2d 1163, 1165 (11th Cir. 1992) (per curiam). Qualified immunity shields officers from civil liability if, considering the facts in the light most favorable to the party asserting the injury, the officers' conduct does not violate clearly established constitutional or statutory rights which a reasonable officer would have known, and will be granted unless the conduct, considered in light of the law existing at that time, was so obviously wrong that it would not have been done except by an officer who was incompetent or in knowing violation of the law. Saucier v. Katz, 533 U.S. 194, 201, 202, 121 S. Ct. 2151, 2156 (2001); Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1280 (11th Cir. 2002). Qualified immunity is available to an officer whose conduct is governed by a reasonable mistaken understanding of the law. Saucier, 533 U.S. at 205, 212 S. Ct. at 2158.

Once the officer establishes that his actions fell within the scope of his discretionary authority and violated no clearly established right which a reasonable officer would have known, "the burden shifts to the plaintiff to establish that qualified immunity does not apply." Storck v. City of Coral Gables, 354 F.3d 1307, 1314 (11th Cir. 2003). In a claim of excessive force, there are two ways to to show that the law clearly established that the particular amount of force use was

12

excessive. Lee v. Ferraro, 284 F.3d 1188, 1198 (11th Cir. 2002). The first of those ways is to show that, in a materially similar factual situation, the law has held that the officer's conduct was unlawful. Id. Where the case law is not materially similar, we look to the second way and consider whether other case law has provided sufficient notice to "every" reasonable officer that such force is unlawful. Id. at 1199 (citation omitted).

Chaney is unable to show that Cute's conduct violated any clearly established right. There was no evidence at trial indicating that Cute's conduct of physically grabbing Chaney, pulling him out of his car, throwing him to the pavement, handcuffing him, using his Taser on Chaney's back, or putting his foot on Chaney's head was so obviously wrong that he would have known that it was unlawful and Chaney has cited no case law that would have provided Cute with such notice. There was no Eleventh Circuit case law at the time of the incident which would have provided Cute with notice that use of a Taser constituted unreasonable or excessive force,[3] or notice that the use of force was unlawful to prevent Chaney from communicating with what Cute perceived to be a hostile crowd. See Jones v. City of Dothan, Ala., 121 F.3d 1456, 1460 (11th Cir. 1997)

---

[3] Since the incident, we have held that use of a Taser to encourage compliance or to gain control over a potentially violent situation is permissible. Draper v. Reynolds, 369 F.3d 1270, 1278 (11th Cir. 2004).

13

(per curiam) (officers entitled to qualified immunity where no cases "made it readily apparent" that their conduct was unconstitutional).

The facts in this case also foreclose it from the narrow exception to qualified immunity available if the plaintiff can show that the officer's conduct was so outrageous as to be unconstitutional "even without caselaw on point." Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 926 (11th Cir. 2000). Trial testimony clearly indicated that, as an officer of the Orlando Police Department, Cute was allowed, in the face of passive resistance, to use a Taser and, in the face of active resistance, higher levels of force to gain compliance from a suspect. R13 at 162-63, 183-87, 193, 197-98, 204, 210, 214, 232-41.

Based on the lack of sufficient evidence supporting the jury verdict regarding excessive force, and the sufficient evidence supporting Cute's entitlement to qualified immunity, the district court correctly granted Cute judgment as a matter of law on the use of force claim.[4]

### III.  CONCLUSION

On remand, the district court reviewed the evidence and concluded that it was insufficient to support the jury verdict for Chaney on the excessive force claim against Cute.  It found that Cute followed police procedures, that no clearly

---

[4] With no valid claims, the district court also correctly struck the punitive damages awarded Chaney.

established law provided him with notice that his actions could have been considered excessive force or unreasonable, and that his actions did not violate Chaney's Fourth Amendment rights. Based on this analysis, the district court properly granted Cute's motion for judgment for judgment as a matter of law and denied Cute's motion for a new trial. The district court also struck the awarded punitive damages. We AFFIRM.

BARKETT, Circuit Judge, dissenting.