[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 07-12668 and 07-13423

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 23, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00490-CV-FTM-99-DNF

DAVID P. JOHNSON,

Plaintiff-Counter-
Defendant-Appellee,

versus

WILLIAM ELROD CLARK,

Defendant-Counter-
Claimant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(September 23, 2008)**

Before ANDERSON, BARKETT and COX, Circuit Judges.

PER CURIAM:

William Elrod Clark appeals from an adverse final judgment following a

jury trial in which Clark was found liable for defamation for statements made in regard to David P. Johnson in two newspaper publications. On appeal, Clark has challenged the final judgment only as it pertains to the district court's denial of his renewed motion for judgment as a matter of law and motion for a new trial following the jury's verdict. Clark also filed a separate appeal from the district court's award of attorneys' fees to Johnson on Clark's counterclaims. Upon agreement of the parties, both appeals have been consolidated. After oral argument and careful consideration, we conclude that the judgment of the district court in each of these appeals is due to be affirmed.

We review the district court's determination on a motion for judgment as a matter of law de novo. Chaney v. City of Orlando, 483 F.3d 1221, 1227 (11th Cir. 2007). In ruling on a renewed motion for judgment as a matter of law after the jury has returned its verdict, "a court's sole consideration of the jury verdict is to assess whether that verdict is supported by sufficient evidence." Id. The court should review all of the evidence in the record, and in doing so, "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000).

We conclude the verdict here was supported by sufficient evidence that the

relevant publications contained false assertions of fact and implied other undisclosed facts which were false, and that those false statements were defamatory as to Johnson. Moreover, there was sufficient evidence from which the jury could conclude that the false facts in the newspaper article were attributable to Clark.[1] Finally, Clark's challenge to the award of attorneys' fees to Johnson is without merit as he has failed to articulate any substantive arguments in opposition to the award, which we find was justified under Florida law.

**AFFIRMED.**

---

[1] To the extent that Clark argues that the district court erred in denying his motion for judgment as a matter of law and motion for a new trial because particular statements in the relevant publications were non-actionable pure opinion and thus, should never have been presented to the jury, we disagree.