Fitz AUSTRUM, Plaintiff,

v.

FEDERAL CLEANING CONTRAC-
TORS, INC. d/b/a Federal Build-
ing Services, Inc., Defendant.

CASE NO.:14-cv-81245-KAM

United States District Court,
S.D. Florida.

Signed June 2, 2016

Filed June 3, 2016

.Barry Seth Balmuth, Palm Beach Gardens, FL, for Plaintiff.

John Michael Finnigan, Finnigan Law Firm, P.A., Maitland, FL, for Defendant.

## ORDER

KENNETH A. MARRA, United States District Judge

This matter is before the Court on Defendant's motion for partial judgment as a matter of law as to Plaintiff's claim for punitive damages. For the following reasons, the motion is denied.

### I. Background

Plaintiff Fitz Austrum brought this employment discrimination case under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 against Defendant Federal Cleaning Contractors, Inc. ("Federal"). After Austrum closed his case-in-chief, Federal moved for partial judgment as a matter of law as to Austrum's claims for punitive damages.[1] The Court reserved ruling on the motion until after the jury rendered its verdict.[2] Federal renewed its motion at the close of all the evidence and the Court again reserved ruling. The jury returned a verdict in Austrum's favor. The jury found that Austrum was entitled to $72,194.95 in compensatory damages and $100,000.00 in punitive damages. The Court then ordered the parties to brief the issue of Austrum's entitlement to punitive damages.

### II. Legal Standard

On a motion for judgment as a matter of law, the Court must construe the

---

1. Federal also moved for judgment as a matter of law as to liability, which the Court denied.

2. Federal's argument that the Court reserved ruling on the motion because it expected the jury to find against Austrum is irrelevant to the merits of the motion and factually incorrect. The Court reserved ruling because, at that time, it was not fully informed about the legal evidentiary requirements to support an award of punitive damages and it did not want to make a precipitous ruling which, if incorrect, could have possibly led to an unnecessary retrial of the case.

evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1275 (11th Cir.2008); *Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 656 (11th Cir.1998). A court should grant a motion for judgment as a matter of law only "when there is no legally sufficient evidentiary basis for a reasonable jury" to find for the nonmoving party on the particular issue. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004).[3]

### III. Discussion

■ Whether based on his Title VII claim or his § 1981 claim, Austrum's entitlement to punitive damages is subject to the same standard: Austrum must show that Federal acted with malice or with reckless indifference to his federally protected rights. *See Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 901 n.11 (11th Cir. 2011).[4] "Malice means an 'intent to harm' and recklessness means 'serious disregard for the consequences of [one's] actions.'" *Goldsmith*, 513 F.3d at 1280 (alteration in original) (quoting *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 476 (11th Cir.1999)). "Malice or reckless indifference is established by a showing that the employer discriminated in the face of the knowledge that its actions would violate federal law." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1280 (11th Cir.2002) (citing *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526,

536, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999)). Under this standard, "an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages." *Kolstad*, 527 U.S. at 536, 119 S.Ct. 2118.

■ Malice or recklessness on the part of certain individuals alone will not support a claim for punitive damages because "agency principles place limits on vicarious liability for punitive damages." *Id.* at 539, 119 S.Ct. 2118. Austrum must therefore impute liability for punitive damages to Federal. *See id.* One avenue for imputing liability is where the defendant's agent who engaged in the discrimination was employed in a "managerial capacity" and was acting in the scope of employment. *Id.* at 542–43, 119 S.Ct. 2118; *Miller*, 277 F.3d at 1280. Furthermore, an employer is not subject to punitive damages based on "the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's 'good-faith efforts to comply'" with antidiscrimination laws. *Kolstad*, 527 U.S. at 545, 119 S.Ct. 2118 (citation omitted); *see also Miller*, 277 F.3d at 1280.

Here, Federal only challenges the "malice or reckless disregard" component of Austrum's claim for punitive damages. Thus, Federal has conceded that Angel Lopez, its project manager at the Mall at Wellington Green, acted in a "managerial capacity." This is not only the case because

---

**3.** The same standard applies to a Rule 50(a) motion for judgment as a matter of law regardless of whether made at the close of the plaintiff's case or at the close of all the evidence. *See U.S. Fid. & Guar. Co. v. Lee Invs., LLC*, 551 F.Supp.2d 1050, 1052 (E.D.Cal. 2008) (quoting *Gibson v. City of Cranston*, 37 F.3d 731, 735 (1st Cir.1994)). Also, to the extent Federal's post-verdict memorandum of law in support of its motion can be construed as a post-verdict renewed motion for judg-

ment as a matter of law under Rule 50(b), it is subject to the same standard as the initial motion. *See Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir.2007).

**4.** Because "the analytical framework and rules about employer liability under Title VII and § 1981 are the same," *Ash*, 664 F.3d at 904, the Court interchangeably cites case law addressing Title VII and § 1981.

throughout its brief Federal frames the issue as whether Lopez acted with malice or reckless disregard for Austrum's federally-protected rights, but also because this Court cannot base any ruling on the present motion on a ground not raised at the close of the evidence and prior to the case being submitted to the jury. *Doe v. Celebrity Cruises, Inc.,* 394 F.3d 891, 902–03 (11th Cir.2004).

■ Based on the evidence presented at trial, there was a legally sufficient basis for the jury to find that Lopez acted with malice or reckless disregard for Austrum's federally-protected rights. There was evidence that Lopez knew of Austrum's federally-protected rights against race-based discrimination and nevertheless disregarded Austrum's rights by basing his decision not to hire Austrum on his race. Indeed, there was testimony that Lopez had a preference for hiring Hispanic employees over non-Hispanic employees. There was also evidence, and an adverse inference (DE 57), that tended to rebut Lopez's stated, nondiscriminatory reason for not hiring Austrum. Lopez's knowledge that it is illegal to treat applicants for employment differently based on race, coupled with credible evidence that he intentionally did so, is sufficient for a reasonable jury to find that he acted with malice or reckless disregard for Austrum's federally-protected rights. *Lambert v. Fulton Cnty.,* 253 F.3d 588, 597 (11th Cir.2001).

Furthermore, there was evidence at trial that Federal did not make good-faith efforts to comply with antidiscrimination laws such that it should be shielded from vicarious liability for punitive damages based on Lopez's alleged misconduct. Aside from a boilerplate "equal opportunity" statement on its employment applications, Federal had no policies or procedures designed to prevent unlawful discrimination in the workplace and Lopez was not provided with any training or handbooks regarding discrimination. The mere existence of an "equal opportunity" policy stated on Federal's employment applications does not preclude punitive damages. *See Goldsmith,* 513 F.3d at 1281–82 (holding that merely having an antidiscrimination policy in place does not insulate an employer from punitive damages).

Federal's arguments in support of its motion are unconvincing. Federal argues that Lopez could not have acted with malice or reckless disregard for Austrum's rights because he previously made the decision to hire and promote Austrum when working for Oxford Building Services, Inc. Federal argues that this fact creates "a strong inference" that Austrum's race was not a motivating factor for Lopez's failure to hire Austrum for a job with Federal. (DE 85 at 4.) While Federal was free to make this argument to the jury, the fact that Lopez did not previously discriminate against Austrum does not preclude a finding that Lopez later did intentionally discriminate against Austrum. Furthermore, the Court must resolve all inferences in Austrum's favor so it is irrelevant whether certain facts create "strong" inferences in Federal's favor. It is the province of the jury to accept or reject those inferences. *Spellissy v. United Technologies Corp.,* 837 F.2d 967, 972–73 (11th Cir.1988) citing *Boeing Co. v. Shipman,* 411 F.2d 365, 375 (5th Cir.1969).

The Court also rejects Federal's argument that the jury did not follow instructions. "Few tenets are more fundamental to our jury trial system than the presumption that juries obey the court's instructions." *United States v. Stone,* 9 F.3d 934, 938 (11th Cir.1993). The Court will not speculate as to an improper basis for the jury's finding of entitlement to punitive damages when there is a legally sufficient

basis for such a finding. Arguments such as Federal's argument that the verdict was tainted by Austrum's allegedly improper statements during closing argument are irrelevant to whether judgment should be granted as a matter of law. All that matters is whether sufficient evidence was presented at trial that could support entitlement to punitive damages. Here, as discussed *supra*, there was such a legally sufficient basis for finding entitlement to punitive damages. Federal's speculative attacks on the verdict do not support entering judgment as a matter of law. *See Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir.2007) (noting that when ruling on motion for judgment as a matter of law "a court's sole consideration of the jury verdict is to assess whether that verdict is supported by sufficient evidence").

Finally, Federal's due process argument based on *State Farm Mutual Insurance Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003), conflates the issues of *entitlement* to punitive damages and the *amount* of punitive damages. Federal's motion for partial judgment as a matter of law challenged only Austrum's entitlement to punitive damages. Indeed, Federal necessarily moved for judgment as a matter of law *prior* to the jury's award of punitive damages so its motion could not possibly attack the amount of punitive damages. Also, Federal states that its motion is not one for remittitur, which Federal apparently intends to file after the Court enters judgment. (DE 85 at 1 n.1.)

The sole question before the Court raised by Federal's motion for partial judgment as a matter of law is the narrow question of whether the evidence was sufficient to submit the issue of entitlement to punitive damages to the jury. While perhaps relevant to a future motion for remittitur, whether Federal's or Lopez's conduct can be characterized as "reprehensible" is not dispositive of Austrum's *entitlement* to punitive damages. *See Kolstad*, 527 U.S. at 538–39, 119 S.Ct. 2118. Accordingly, the Court declines to address Federal's arguments based on *Campbell* regarding the amount of punitive damages, which are beyond the scope of Federal's motion. *See Lambert*, 253 F.3d at 597–98 (addressing motion for judgment as a matter of law as to entitlement to punitive damages under Rule 50 and noting that separate challenge to amount of punitive damages is governed by Rule 59(e)). Federal's argument that the award of back pay should be reduced is similarly beyond the scope of its motion for partial judgment as a matter of law.

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion for partial judgment as a matter of law as to Plaintiff's claim for punitive damages is **DENIED**.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of June, 2016.