[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11261

_____

RICHARD J. MCCLINTON,

Plaintiff-Appellee,

*versus*

CAPSTONE LOGISTICS LLC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:20-cv-00543-AMM

_____

Before NEWSOM, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

After Capstone Logistics, LLC, (Capstone) fired Richard McClinton from his position as a supervisor at one of its warehouses, McClinton sued, alleging violations of his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12117; Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–2654; and Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621. A jury found for McClinton on his claims under the ADA and on his claim of interference under the FMLA, and the district court upheld the verdict against Capstone's renewed motion for judgment as a matter of law.

On appeal, Capstone argues the following:

I.   There was insufficient evidence to support the jury's verdict for McClinton on his ADA disparate treatment and reasonable accommodation claims.

II.  There was insufficient evidence to support the jury's verdict for McClinton on his ADA retaliation claim.

III. There was insufficient evidence to support the jury's award of punitive damages under the ADA.

IV.  There was insufficient evidence to support the jury's award of damages to McClinton on his FMLA interference claim.

V.   The district court abused its discretion by not reducing the jury's award of backpay.

VI.    The district court abused its discretion by granting McClinton reinstatement and denying front pay.

VII.   The district court abused its discretion by sua sponte sanctioning Capstone's counsel for misrepresenting that a material fact was uncontested.

After review of the record and the briefs, and with the benefit of oral argument, we find reversible error only as to the fourth issue—the award of damages for FMLA interference. Therefore, we vacate and remand the FMLA interference award for further proceedings consistent with this opinion and affirm the district court on all other issues. We reserve our discussion below for the matter of reversal.

## I.  BACKGROUND

In July 2017, McClinton began working for Capstone, a logistics company that provides warehouse management and freight and delivery services, as a night shift supervisor at its warehouse in Bessemer, Alabama. In February 2019, McClinton visited the doctor for pain in his back and left leg that caused him to limp. The doctor diagnosed him with a degenerative condition in his spine and recommended surgery. McClinton decided to have the surgery and told his manager about it roughly a week beforehand. Following this conversation, and for the remainder of McClinton's employment with Capstone, no one at Capstone informed McClinton about the potential to take FMLA leave. McClinton had the back surgery on February 25, 2019, and returned to work a month later.

McClinton received his full salary and short-term disability benefits during this time.

Less than a month after McClinton returned to work and less than a week after he requested accommodations to help him perform his job functions after the return of his leg pain and difficulty walking, Capstone terminated McClinton's employment. McClinton sued, and the case proceeded to a jury trial.

At the close of McClinton's case, Capstone moved for judgment as a matter of law on all claims, and the district court denied the motion. The jury returned a verdict for McClinton on his three ADA claims and on his FMLA interference claim, awarding him $3,248,000 in damages. Capstone made several timely post-trial motions, including a renewed motion for judgment as a matter of law and a motion for a new trial. The district court affirmed the jury's verdict but reduced the jury's award based on statutory limits on compensatory and punitive damages. The court ordered Capstone to pay McClinton a total of $1,193,382.71 in backpay and pre-judgment interest, compensatory and punitive damages, liquidated damages, and attorneys' fees and costs and to reinstate McClinton to a comparable position within a 45-mile radius of Birmingham, Alabama. The monetary award included damages of $200,000, with interest, and liquidated damages equal to the sum of the damages and interest, for the FMLA interference claim. Capstone timely appealed.

## II.  STANDARD OF REVIEW

We review de novo a "ruling on a renewed motion for judgment as a matter of law . . . and apply the same standards as the district court." *EEOC v. Exel, Inc.*, 884 F.3d 1326, 1329 (11th Cir. 2018). We evaluate "whether the evidence is 'legally sufficient to find for the party on that issue,'" meaning that "a reasonable jury could find for the party who prevailed at trial." *Chaney v. City of Orlando*, 483 F.3d 1221, 1227–28 (11th Cir. 2007) (quoting Fed. R. Civ. P. 50(a)(1)).

## III. DISCUSSION

The FMLA entitles eligible employees to take up to twelve weeks of leave in a twelve-month period for certain family and medical reasons, such as a personal or family illness or treatment of a "serious health condition." *See* 29 U.S.C. §§ 2601, 2612. Employers covered by the FMLA "may not interfere with, restrain, or deny the employee's exercise or attempted exercise of [his] FMLA rights to coverage, leave entitlement, notice, benefits continuation, and job restoration." *Ramji v. Hosp. Housekeeping Sys., LLC*, 992 F.3d 1233, 1241 (11th Cir. 2021).

To be entitled to relief from an employer's interference with an FMLA right, an employee must show injury resulting from the employer's violation that can be remedied by either damages or equitable relief. *Id.* at 1245. The FMLA allows for two types of damages: (1) "wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation;" or (2) where the employee has not lost compensation, "any actual

monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks . . . of wages or salary for the employee." 29 U.S.C. § 2617(a)(1)(A)(i).

Here, there was insufficient evidence for the $200,000 damage award for FMLA interference because McClinton presented no evidence of lost compensation or actual monetary losses, let alone any evidence supporting the amount of the award. In fact, McClinton testified that he received short-term disability benefits on top of his full salary, so he was not prejudiced on account of lost compensation. And he does not identify any "actual monetary losses" akin to "the cost of providing care" that could support the award either. *See id.*

And the district court erroneously credited McClinton's testimony about the impact of his inability to take up to twelve weeks of FMLA leave on his recovery from back surgery as evidence of prejudice. The FMLA specifies two types of available damages—lost compensation or actual monetary losses. *See* 29 U.S.C. § 2617(a)(1)(A)(i). McClinton's testimony that receiving FMLA leave would have helped heal his back does not suffice to establish that he suffered either of these forms of compensable harm. Because the evidence is not legally sufficient to support the damage award, we must vacate the district court's FMLA interference award and remand for further proceedings consistent with this opinion.

## IV. CONCLUSION

Because we find no reversible error except for the FMLA interference award, we **VACATE and REMAND** the FMLA interference award for further proceedings consistent with this opinion and **AFFIRM** on all other issues.