[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11584
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cv-00303-LSC


TERRY NIX,
AMY SHEREE NIX,

                                        Plaintiffs - Appellants,

                    versus

STATE FARM FIRE & CASUALTY COMPANY, INC.,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama - Jasper
_____

(October 20, 2011)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Terry and Amy Nix appeal the summary judgment in favor of State Farm Fire & Casualty Company. State Farm issued a policy insuring the Nixes' home, and the Nixes filed a claim after a portion of a retaining wall in their home collapsed and their basement flooded. State Farm denied coverage on the ground that the policy excluded coverage for collapses caused by defects in construction and for damage caused by groundwater. The Nixes filed a complaint in an Alabama court that State Farm breached its contract and acted in bad faith for failing to investigate or to pay their insurance claim, and State Farm removed the action to the district court. The district court ruled that the Nixes failed to contradict the expert testimony introduced by State Farm that the damage was attributable to defects in the construction of the house. We affirm.

The Nixes' homeowners policy provides coverage for "direct physical loss . . . involving the sudden . . . collapse of . . . any part of a building" that is attributable to "one or more of" 20 enumerated "perils," but the policy provides that a "collapse" attributable to other causes is excluded from coverage. Paragraph 2.c.(3) of the policy provides that State Farm "do[es] not insure under any coverage for any loss" attributable to "water damage," including "water below the surface of the ground" that "exerts pressure on . . . a building" or "foundation." Paragraphs 3.b.(2) and (3) of the policy also exclude from coverage "any loss"

2

attributable to a "defect, weakness, inadequacy, fault or unsoundness in" either the "design, specifications, workmanship, [or] construction" of a home or the "materials used in [its] construction."

We review a summary judgment de novo and view the evidence in the light most favorable to the nonmoving party. St. Paul Fire and Marine Ins. Co. v. ERA Oxford Realty Co. Greystone, LLC, 572 F.3d 893, 897 (11th Cir. 2009). Summary judgment should be entered when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The district court did not err by granting summary judgment in favor of State Farm because the uncontroverted evidence establishes that the Nixes' claim was excluded from coverage. State Farm introduced testimony from its expert witness, Mark Voll, that the retaining wall in the basement of the Nixes' home collapsed because the wall was not properly designed or built and collapsed from hydrostatic pressure. See Jordan v. Nat'l Accident Ins. Underwriters Inc., 922 F.2d 732, 735 (11th Cir. 1991). Voll, an engineer, testified that the retaining wall lacked reinforcing steel, as required by a local building code, and could not withstand the pressure created by groundwater that had accumulated during a heavy rainfall. Voll also testified that a french drain installed alongside the retaining wall failed to disperse the groundwater because the drain had been

3

covered with clay soil instead of gravel. Although the Nixes argued that the main line water pipe burst and caused the retaining wall to collapse, they based that argument on the opinions of Terry Nix and a contractor who made temporary repairs to the wall, and those opinions were not admissible as lay testimony. Neither Nix nor the contractor witnessed the wall collapse or had personal knowledge about the construction of the Nixes' home. See Fed. R. Evid. 701. Because the collapse of the retaining wall was attributable to causes excluded from coverage under the Nixes' insurance policy, State Farm did not breach its contract with or owe a duty to further investigate or to pay the claim filed by the Nixes.

We **AFFIRM** the summary judgment in favor of State Farm.