VIRGINIA EMERSON HOPKINS, Senior United States District Judge
This is a civil action between Plaintiff John Brown and Defendant State Farm Fire & Casualty Company ("State Farm"). Before the Court is State Farm's Motion for Clarification. (Doc. 60). In its Motion for Clarification, State Farm requests clarification regarding the Court's Memorandum Opinion and Order (doc. 57) (the "Summary Judgment Opinion") on State Farm's Motion for Summary Judgment (doc. 32) (the "Summary Judgment Motion"). State Farm believes that it is entitled to judgment as a matter of law and that the Court erred in allowing Mr. Brown's breach of contract claim to proceed to trial.
The Motion for Clarification is GRANTED to the extent that the Court, in this opinion, will provide clarification regarding its Summary Judgment Opinion. For the reasons stated in this opinion, however, the Motion for Clarification is otherwise due to be DENIED . State Farm is not entitled to judgment as a matter of law, and the Court did not err in allowing Mr. Brown's breach of contract claim to proceed to trial.
I. PROCEDURAL HISTORY
On July 20, 2016, Mr. Brown filed his Complaint (doc. 1-2 at 7-27) against multiple defendants and alleging multiple counts for relief. However, by September 20, 2017, the only remaining claim was a breach of contract claim against State Farm regarding whether the damage to Mr. Brown's home was covered by his homeowner's insurance policy (the "Policy") and thus whether State Farm breached its insurance contract by denying Mr. Brown's insurance claim under the Policy. (See Docket Sheet).
On November 27, 2017, State Farm filed its Summary Judgment Motion regarding the breach of contract claim. (Doc. 32). After the parties completed briefing the Summary Judgment Motion (docs. 48, 49), State Farm also filed a Motion To Strike (doc. 50) "the testimony of Mr. Brown and his contractors" regarding the issue of causation as to the damage to Mr. Brown's home. (See id. at 2). The parties then completed briefing the Motion To Strike (docs. 55, 56), and both the Summary Judgment Motion and the Motion To Strike were ripe for review.
On July 25, 2018, the Court entered its Summary Judgment Opinion granting in part and denying in part both the Summary Judgment Motion and the Motion To Strike. (Doc. 57). The Court first addressed the Motion To Strike. (See id. at *1236 11). The Court had to determine whether to "strike 'the testimony of Mr. Brown and his contractors' regarding the issue of causation." (Id. ) (quoting doc. 50 at 2). More specifically, since Mr. Brown admitted "that he [was] only offering [those] witnesses as lay witnesses, not experts," the Court had to "determine if causation is something only an expert [witness] can testify about." (Id. at 12-13). The Court concluded "that only expert testimony is permitted." (Id. at 13). The Court thus struck the testimony of Mr. Brown and his contractors to the extent that their lay testimony "purport[ed] to conclude the cause of the damage to the home." (Id. at 15). However, the Court did not strike the testimony to the extent that the lay testimony consisted of the "observations and first-hand knowledge" of the lay witnesses. (Id. at 13).
The Court then addressed the Summary Judgment Motion. (See id. at 15). Relevant to the Motion for Clarification,[1] the Court discussed two things: (1) whether "Mr. Brown [had] met his 'prima facie burden on [the] breach of contract claim' " (See id. at 15-20) (second alteration in original) (quoting Smith Lake Marina & Resort LLC v. Auto-Owners Ins. Co. , No. 16-1104, 2017 WL 4167448, at *2 (N.D. Ala. Sept. 20, 2017) ), and (2) whether State Farm had met its burden of proving that a Policy exclusion applied. (See id. at 20-28). To determine the first issue of whether Mr. Brown had met his prima facie burden, the Court identified two competing ways of how to place the burden on the parties when a policy exclusion is involved in a case: (1) having the insured show prima facie coverage, then shifting the burden to the insurer to show prima facie that a policy exclusion applies, and then shifting the burden back to the insured to show that the damage is still covered by the policy, or (2) having the insured prove coverage, and then shifting the burden to the insurer to prove a policy exclusion as an "affirmative defense." (See id. at 17-20). The Court decided that the "affirmative defense" method was "more consistent with Alabama law" and thus applied that method. (See id. at 18-20) (citing Standard Life & Acc. Ins. Co. v. Jones , 94 Ala. 434, 440, 10 So. 530 (1892) ; Bankers Fire & Marine Ins. Co. v. Bukacek , 271 Ala. 182, 123 So.2d 157, 164 (1960) ; Fleming v. Ala. Farm Bureau Mut. Cas. Ins. Co. , 293 Ala. 719, 310 So.2d 200, 202 (1975) ; Acceptance Ins. Co. v. Brown , 832 So.2d 1, 12 (Ala. 2001) ; Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co. , 817 So.2d 687, 697 (Ala. 2001) ). The Court then found that Mr. Brown had met his prima facie burden because "Mr. Brown ... offered evidence that he had a policy with State Farm, he submitted a claim, [ ] State Farm denied that claim[,]" and the Policy "provide[d] broad coverage for losses." (Id. at 19) (citations omitted).
To determine the second issue of whether State Farm had met its burden of proving that a Policy exclusion applied, the Court considered whether State Farm could prove a Policy exclusion using the testimony of either State Farm's expert witness, Mr. Cain, or Mr. Brown's expert witness, Mr. Carlysle, on the issue of causation. (Id. at 20-28). The Court concluded that State Farm could not prove a Policy exclusion based on Mr. Cain's testimony at the summary judgment stage:
It is important to remember that " to succeed on its motion, [State Farm]
*1237 must demonstrate that there is no genuine issue of material fact as to whether the ... exclusion applies and that it is entitled to judgment as a matter of law." Smith Lake Marina & Resort LLC , 2017 WL 4167448 at *2. Here, Mr. Brown can testify that he never said there was standing water in the basement, and so Mr. Cain's opinion is suspect. If Mr. Cain's report is based on a statement that was never uttered, then a jury could find that Mr. Cain's report is not worth the paper it is written on. Further, Mr. Brown's expert, Mr. Carlysle, casts significant doubt on Mr. Cain's report. (See [d]oc. 32-10 at 84-85) (discussing the problems with Mr. Cain's opinion). Accordingly, State Farm is not entitled to summary judgment based on Mr. Cain's report.
(Id. at 24) (first and second alterations in original). For similar reasons, the Court concluded that State Farm could not prove a Policy exclusion based on Mr. Carlysle's testimony at the summary judgment stage:
Ultimately, the Court does not have to reach the question of whether Mr. Carlysle's theory excludes coverage under the [P]olicy because a jury does not have to accept Mr. Carlysle's opinion. State Farm proffered an expert who put holes in Mr. Carlysle's theory. (See [d]oc. 32-4 at 43-59) (discussing the problems with Mr. Carlysle's opinion). State Farm then claims that it wins under Mr. Carlysle's theory. However, the jury may well believe Mr. Cain when he says that Mr. Carlysle's theory is not credible. Accordingly, State Farm is not entitled to summary judgment based on Mr. Carlysle's report.
(Id. at 27). Finally, after concluding that a jury would not have to accept Mr. Cain's testimony and that a jury would not have to accept Mr. Carlysle's testimony, the Court concluded that there could be a scenario in which "a jury does not accept either Mr. Cain's or Mr. Carlysle's testimony," which would result in "State Farm ... not hav[ing] met its burden to prove the applicability of any exclusion":
The Court recognizes that this is an unusual case. However, there is a narrow path where, if a jury does not accept either Mr. Cain's or Mr. Carlysle's testimony, then State Farm will not have met its burden to prove the applicability of any exclusion. The Policy grants coverage for a loss until State Farm proves the applicability of an exclusion. If a jury does not accept either expert opinion, accepting only the portions of each report that discredits the other, then State Farm will not have proven its affirmative defense. "A jury is not required to accept 'all or none' of a witness's testimony; rather, a jury may accept those portions of a witness's testimony which it considers credible and reject other portions which it finds to be improbable." Rixey v. West Paces Ferry Hosp., Inc. , 916 F.2d 608, 616 (11th Cir. 1990) (citing Pattern Jury Instructions (Civil Cases), Eleventh Circuit, Basic Instruction No. 3-Credibility of Witnesses (1990 ed.) ).
This result is possible because of the wording of State Farm's policy. While Coverage B for personal property enumerates certain perils that an insured would necessarily have to show occurred to be within the policy, Coverage A for the dwelling covers all "accidental direct physical loss to the property" unless there is an exclusion. (Doc. 32-2 at 29). State Farm has to prove the applicability of its exclusion. A jury must decide whether to believe either of the experts, and to what extent.
(Id. at 27-28).
On September 25, 2018, sixty-two days after the Court entered its Summary Judgment Opinion, State Farm filed its Motion for Clarification. (Doc. 60). Then, a *1238 pretrial conference was held on October 3, 2018, (see Docket Sheet), at which State Farm presented an additional argument as to why it is entitled to judgment as a matter of law.
II. STANDARD: THE COURT WILL ANALYZE THE MOTION FOR CLARIFICATION UNDER THE JMOL STANDARD
Because State Farm's Motion for Clarification was filed sixty-two days after the Court entered its Summary Judgment Opinion, the Motion for Clarification cannot be construed as a motion to alter or amend, see FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."), and it will not be construed as motion for reconsideration. (See doc. 6 at 26) ("Motions for reconsideration must be filed within ten days of the date of the court's ruling which the movant seeks to have reconsidered or the court may, in its discretion, deny the motion as untimely."). Thus, the Court will analyze the Motion for Clarification under the judgment-as-a-matter-of-law ("JMOL") standard, see FED. R. CIV. P. 50(a), and prospectively determine whether, if the evidence presented at trial is the same as the evidence considered at the summary judgment stage and if State Farm were to move for JMOL, the Court would have to grant State Farm's JMOL motion.
Regarding the JMOL standard, Federal Rule of Civil Procedure 50(a)(1) provides as follows:
If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
(A) resolve the issue against the party; and
(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
FED. R. CIV. P. 50(a)(1). "[I]n deciding on a Rule 50 motion a district court's proper analysis is squarely and narrowly focused on the sufficiency of evidence." Chaney v. City of Orlando , 483 F.3d 1221, 1227 (11th Cir. 2007). Further, although in this case it is impossible to know when State Farm would move for JMOL during the trial, "[t]he question before the district court regarding a motion for judgment as a matter of law remains whether the evidence is 'legally sufficient to find for the party on that issue,' regardless of whether the district court's analysis is undertaken before or after submitting the case to the jury." Id. (citation omitted) (quoting FED. R. CIV. P. 50(a)(1) ) (citing sources).
III. STATE FARM'S ARGUMENT: THE COURT ERRED IN DENYING STATE FARM'S SUMMARY JUDGMENT MOTION AS TO MR. BROWN'S BREACH OF CONTRACT CLAIM, AND STATE FARM IS ENTITLED TO JUDGMENT AS A MATTER OF LAW
In its Motion for Clarification, State Farm "requests this Court's guidance and clarification regarding the issues to be tried in this case in light of this Court's [Summary Judgment Opinion]." (Doc. 60 at 1). However, despite State Farm using the title "Motion for Clarification" and asking for clarification regarding the Court's ruling, it is clear that State Farm is arguing that the Court erred in its Summary Judgment Opinion by allowing Mr. Brown's breach of contract claim to proceed to trial and that "State Farm is entitled to judgment as a matter of law." (Id. at 5, ¶10.
More specifically, State Farm sets up two scenarios for how a jury could react to the differing testimony of the two expert witnesses: (1) accept the testimony of one *1239 of the expert witnesses or (2) reject the testimony of both expert witnesses. (See id. at 4, ¶6. State Farm argues that under the first scenario in which the jury were to accept the testimony of one of the expert witnesses, State Farm would be entitled to judgment as a matter of law because a Policy exclusion would apply. (See id. at 5, ¶8.
State Farm argues that under the second scenario in which the jury were to reject the testimony of both expert witnesses, State Farm would be entitled to judgment as a matter of law because Mr. Brown would be unable to prove his prima facie case. (See id. at 4, ¶7. A summary of State Farm's argument as to why Mr. Brown would be unable to prove his prima facie case under this scenario is as follows:
1. "Alabama courts have not directly addressed an insured's burden under an all-risk policy, but it is clear that the insured under an all-risk policy carries the burden of proving the damage was caused by a fortuitous loss." (Id. at 3, ¶5 (emphasis by underlining "caused" added) (emphasis by underlining the entire second independent clause omitted) (citations omitted) (citing St. Paul Fire & Marine Ins. Co. v. Britt , 203 So.3d 804, 810 (Ala. 2016), reh'g denied (Mar. 18, 2016); 17A STEVEN PLITT ET AL., COUCH ON INSURANCE § 254:15 (3d ed. 2018); LaMadrid v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. , 567 F. App'x 695, 701-02 (11th Cir. 2014) ).
2. "Here, only expert testimony is admissible to prove the cause of loss." (Id. at 4, ¶6 (citing doc. 57 at 15).
3. "Thus, the only evidence a jury could use to assess the cause of damage to Mr. Brown's home is the testimony and reports of Mr. Cain and Mr. Carlysle: that the loss was the result of external soil forces/hydrostatic pressure, defective construction, and/or earth movement from a lightning strike." (Id. )
4. "If the jury rejects both experts' theories, based on the undisputed facts in this case and the current procedural posture, there is no path for Plaintiff to meet his burden. With no cause of loss, Plaintiff cannot show the source of the foundational damage and water. With no cause of loss, Plaintiff cannot show the damage to his home was fortuitous or an 'accidental direct physical loss.' Under this scenario, State Farm is entitled to judgment on Mr. Brown's breach of contract claim." (Id. at 4, ¶7.
IV. ANALYSIS: STATE FARM'S ARGUMENT THAT THE COURT ERRED IN ITS SUMMARY JUDGMENT OPINION IS INCORRECT, AND THE COURT WOULD NOT HAVE TO GRANT A JMOL MOTION AT TRIAL IF THE SAME EVIDENCE WERE PRESENTED
The Court first notes that State Farm's argument that the Court erred in its Summary Judgment Opinion and that State Farm is entitled to judgment as a matter of law fails unless State Farm can show that it would be entitled to judgment as a matter of law under both of the scenarios it presents: (1) the jury accepts the testimony of one of the expert witnesses or (2) the jury rejects the testimony of both expert witnesses. The Court will assume without deciding that if the jury were to accept the testimony of one of the expert witnesses, State Farm would meet its burden of proving a Policy exclusion and thus be entitled to judgment as a matter of law. However, State Farm's argument in its Motion for Clarification fails because State Farm cannot show that it is entitled to judgment as a matter of law under the scenario in which the jury rejects the testimony of both expert witnesses.
State Farm's argument in this scenario is that Mr. Brown would be unable to meet his prima facie burden. However, State Farm's argument fails because State *1240 Farm's reasoning contains two errors, each of which is sufficient to cause State Farm's argument to fail. First, State Farm misunderstands what Mr. Brown must show to satisfy his prima facie burden. Second, State Farm incorrectly asserts that "only expert testimony is admissible to prove the cause of loss." (Id. at 4, ¶6 (emphasis added).
Thus, despite State Farm's argument, the Court did not err in its Summary Judgment Opinion, and State Farm is not entitled to judgment as a matter of law. Accordingly, if the evidence presented at trial is the same as the evidence considered at the summary judgment stage and if State Farm were to move for judgment as a matter of law, the Court would not have to grant State Farm's motion for judgment as a matter of law.
The Court will now address State Farm's two errors in turn. Then, the Court will address the new argument that State Farm presented at the pretrial conference held on October 3, 2018, which also fails.
A. State Farm Misunderstands What Mr. Brown Must Show To Satisfy His Prima Facie Burden
The first error in State Farm's reasoning is that State Farm misunderstands what Mr. Brown must show to satisfy his prima facie burden. State Farm states, "Alabama courts have not directly addressed an insured's burden under an all-risk policy, but it is clear that the insured under an all-risk policy carries the burden of proving the damage was caused by a fortuitous loss." (Id. at 3, ¶5 (emphasis and citations omitted) (citing sources). While State Farm's statement that "the insured under an all-risk policy carries the burden of proving the damage was caused by a fortuitous loss" (id. ) (emphasis omitted) is technically true, as it is similar to what is stated in the treatise Couch on Insurance , see 17A STEVEN PLITT ET AL., COUCH ON INSURANCE § 254:15 (3d ed. 2018) (stating that "an insured under an 'all risks' policy need only prove that a fortuitous event caused the loss"), State Farm misunderstands its own statement and focuses too heavily on the word "caused." State Farm believes that Mr. Brown must prove the specific cause of the damage in his prima facie case. However, this is not true for two reasons. First, despite State Farm's statement to the contrary, the Supreme Court of Alabama has actually addressed an insured's burden under an all-risks policy, and the Supreme Court of Alabama is clear that the insured need only prove that, ignoring any policy exclusions and considering only the coverage section of the policy, the damage is covered by the policy. See St. Paul Fire & Marine Ins. Co. , 203 So.3d at 810. Second, State Farm misunderstands the two sources that it cites in support of its argument that the insured must prove the specific cause of loss.
1. The Supreme Court of Alabama Has Stated That an Insured Under an All-Risks Policy Must Only Prove Coverage, Which the Court in its Summary Judgment Opinion Found that Mr. Brown Did Prove
State Farm cites St. Paul Fire & Marine Insurance Co. for the proposition that "Alabama courts have not directly addressed an insured's burden under an all-risk policy." (Doc. 60 at 3, ¶ 5) (citing St. Paul Fire & Marine Ins. Co. , 203 So.3d at 810 ). This statement, however, is not correct. While the Supreme Court of Alabama in St. Paul Fire & Marine Insurance Co. did not decide whether the insured had met his burden and instead assumed that he had, the Supreme Court of Alabama did address an insured's burden under an all-risks policy:
It is undisputed that the policy is an all-risk policy....
*1241 ...
Initially, the parties argue whether [the insured] carried his burden of establishing that his claim on the policy falls within the parameters of coverage provided by the policy. See 17A Lee R. Russ et al., Couch on Insurance § 254:11 (3d ed.) ("Generally speaking, the insured bears the burden of proving all elements of a prima facie case including ... the loss as within policy coverage...."); Motors Ins. Corp. v. Williams , 576 So.2d 218, 219 (Ala.1991) (noting that the plaintiff, insured under a policy including uninsured-motorist coverage, carried the burden of proving that the tortfeasor was uninsured); and Colonial Life & Accident Ins. Co. v. Collins , 280 Ala. 373, 376, 194 So.2d 532, 535 (1967) (noting that the plaintiff, as beneficiary of the insured's life-insurance policy, carried the burden of proving "that the insured's death resulted from injuries sustained in such manner as to bring him within the coverage of the policy"). However, because all-risk policies generally include coverage for any losses not excluded or resulting from the insured's fraudulent conduct and because we find another issue dispositive of this appeal, we need not address those arguments. For purposes of this decision, we assume, without deciding, that [the insured] carried his burden of showing that the loss of the sailboat was, absent an exclusion in the policy, covered by the policy.
St. Paul Fire & Marine Ins. Co. , 203 So.3d at 809-10 (emphases added). Thus, in St. Paul Fire & Marine Insurance Co. , the Supreme Court of Alabama stated that, under an all-risks policy, the insured has the burden of showing that, absent the policy's exclusions, his claim is covered by the policy. In other words, the insured must only prove coverage.[2] See also Smith Lake Marina & Resort , 2017 WL 4167448, at *2 (applying Alabama law and stating that "[t]he insured bears the burden of proving coverage" (citing Colonial Life & Accident Ins. Co. , 194 So.2d at 535 ) ).[3]
Requiring that the insured prove coverage is exactly how the Court analyzed Mr. Brown's prima facie burden in its Summary Judgment Opinion. In addition to finding that Mr. Brown had proven the other elements of his prima facie breach of contract claim-"Mr. Brown ... offered evidence that he had a policy with State Farm, he submitted a claim, and State Farm denied that claim" (id. at 19) (citations *1242 omitted)-the Court addressed whether Mr. Brown had proven coverage:
The [P]olicy provides broad coverage for losses- limited by the specific exclusions under the [P]olicy. The [P]olicy states:
SECTION I - LOSSES INSURED
COVERAGE A - DWELLING
We insure for accidental direct physical loss to the property described in Coverage A, except as provided in SECTION I - LOSSES NOT INSURED.
(Doc. 32-2 at 29). Thus, Mr. Brown has met his "prima facie burden on [the] breach of contract claim." See Smith Lake Marina & Resort LLC , 2017 WL 4167448, [at] *2.
(Id. at 19-20). Thus, the Court in its Summary Judgment Opinion found that Mr. Brown had met his prima facie burden of proving coverage. (Id. ) To support its conclusion, the Court looked to the coverage section of the Policy, which, as is usual with all-risks policies, was very broad. (Id. ); see also St. Paul Fire & Marine Ins. Co. , 203 So.3d at 810 (stating that "all-risk policies generally include coverage for any losses not excluded or resulting from the insured's fraudulent conduct" and thus implying that it is easy to prove coverage under an all-risks policy). Further, despite State Farm's argument in its Motion for Clarification, this analysis of whether Mr. Brown met his prima facie burden is not affected by whether a jury accepts or rejects the testimony of the expert witnesses. In fact, the Court itself did not use either expert witness's testimony in its analysis to determine whether Mr. Brown had met his prima facie burden. Thus, State Farm's argument that Mr. Brown cannot meet his prima facie burden if a jury were to reject the testimony of both expert witnesses is incorrect.
2. State Farm Misunderstands the Two Sources that It Cites in Support of Its Argument that the Insured Must Prove the Specific Cause of Loss in His Prima Facie Case
In support of its argument that the insured must prove the specific cause of loss in his prima facie case (instead of only proving coverage), State Farm cites two sources: (1) 17A STEVEN PLITT ET AL., COUCH ON INSURANCE § 254:15 (3d ed. 2018), and (2) LaMadrid v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. , 567 F. App'x 695, 701-02 (11th Cir. 2014). However, neither source supports State Farm's argument that the insured must prove the specific cause of loss.
a. State Farm Misunderstands Couch on Insurance
State Farm quotes Couch on Insurance as stating that "an insured under an 'all risks' policy need only prove that a fortuitous event caused the loss." (Doc. 60 at 3, ¶ 5) (emphasis added) (quoting 17A STEVEN PLITT ET AL., COUCH ON INSURANCE § 254:15 (3d ed. 2018) ). State Farm then focuses heavily on the word "caused" and bases its argument in the rest of its Motion for Clarification on the notion that Mr. Brown must "prove the cause of loss." (Doc. 60 at 4, ¶ 6) (see also id. at 4, ¶7 ("[T]here is no path for [Mr. Brown] to meet his burden[ ] [because Mr. Brown has not shown] cause of loss ...."). However, although Couch on Insurance does in fact state that "an insured under an 'all risks' policy need only prove that a fortuitous event caused the loss," 17A STEVEN PLITT ET AL., COUCH ON INSURANCE § 254:15 (3d ed. 2018), State Farm focuses too heavily on the word "caused" and misunderstands this sentence. Couch on Insurance actually states the same burden as the Supreme Court of Alabama states: that the insured must only prove coverage. This is evident for three main reasons.
*1243 First, State Farm's quotation from Couch on Insurance -"an insured under an 'all risks' policy need only prove that a fortuitous event caused the loss"-is in the part of Section 254:15 of Couch on Insurance that provides an example for the rule, not the part where the rule is stated. See id. In the part of Section 254:15 in which the rule is clearly stated, Couch on Insurance provides two statements that make clear that the insured must only prove coverage and need not prove the specific cause of the damage. The first statement is that the general principles discussed in earlier sections of Couch on Insurance "generally apply to all-risks policies." Id. ("These principles generally apply to all-risks policies ...."). These general principles are listed in Section 254:11 and are very similar to how the Court analyzed Mr. Brown's prima facie burden in the Summary Judgment Opinion, including that the insured need only prove coverage and not the specific cause of loss:
[T]he insured bears the burden of proving all elements of a prima facie case[,] including the existence of a policy, payment of applicable premiums, compliance with policy conditions, the loss as within policy coverage, and the insurer's refusal to make payment when required to do so by the terms of the policy.
Id. § 254:11 (emphasis added) (footnote omitted). The second statement is that "the insured assum[es] the burden of showing a fortuitous loss." Id. § 254:15. In this second statement, it is clear that the insured must only prove a "fortuitous loss" that, because it is fortuitous, is covered by an all-risks policy; there is no requirement that the insured must prove the specific cause of loss.
Second, in the part of Section 254:15 that provides an example of how to meet the prima facie burden, the example does not involve the insured proving the specific cause of loss. In the example, the insured, "a coffee trader[,] attempt[s] to collect for an alleged loss of coffee from a warehouse." Id. The example states that the coffee trader has "the initial burden of showing that the coffee was, in fact, at one time in existence and then, for whatever reason, no longer available." Id. (emphasis added). This is similar to Mr. Brown just showing that his house was at one time not damaged and then, for whatever reason, damaged. After stating that the insured in the example must prove that the coffee is no longer available for whatever reason, the example continues with the sentence that State Farm quotes in its Motion for Clarification: "Since an insured under an 'all risks' policy need only prove that a fortuitous event caused the loss, when a loss is claimed to have been caused by theft, the insured is not required to prove that the theft was perpetrated by persons unknown to the parties to the contract." Id. (footnote omitted). The second half of this sentence-which State Farm omits from its Motion for Clarification-is key to understanding this sentence. When State Farm's quotation is read in context, it is clear that Couch on Insurance is saying that because the insured need only show coverage-which under an all-risks policy usually translates into showing that a fortuitous loss has occurred-the insured does not need to show anything more than that, such as whether "the theft was perpetrated by persons unknown to the parties to the contract," or how the damage was specifically caused. See id. Thus, when read in context, State Farm's quotation clearly does not mean that the insured must prove the specific cause of loss. Instead, the insured must only prove that the loss was "fortuitous" and thus is covered under an all-risks policy.
Third, the case that Couch on Insurance cites for the proposition that "an insured under an 'all risks' policy need only prove that a fortuitous event caused the loss," id. , shows that proof of the specific cause of loss is not necessary. This case is *1244 Persian Galleries, Inc. v. Transcontinental Insurance Co. , 38 F.3d 253 (6th Cir. 1994). In Persian Galleries , in the same paragraph that the Sixth Circuit states that "under an 'all risks' policy[,] ... a plaintiff need only prove that a fortuitous event caused the loss," the Sixth Circuit then states that "[t]he [jury] instruction given by the district court correctly stated the appropriate burden and was, accordingly, not clearly erroneous." Id. at 257. That jury instruction stated as follows:
This is an action for breach of an insurance contract. You have heard the theories of the parties, both at the beginning of this trial and here again at final argument. I won't go into those theories except to say that the legal effect of the conflict between the theories of the parties is to place the burden of proof on plaintiff to prove by a preponderance of the evidence that it suffered a loss covered by the policy. The plaintiff alleges loss by risk of direct physical loss. It is the defendant's contention that there was not such a loss. In order to show that it suffered a loss under the policy, it is not necessary for plaintiff to show how the property came to be lost. It is not necessary for the plaintiff to show the method or means by which the property came to be lost. It is sufficient if plaintiff shows the property is lost and covered by the direct physical loss provision of the contract of insurance. The defendant has not asserted any exclusions under the policy.[4]
Id. at 256. Thus, since the insured in Persian Galleries could meet its burden without proving "how the property came to be lost" or "the method or means by which the property came to be lost," it is obvious that State Farm's quotation-"an insured under an 'all risks' policy need only prove that a fortuitous event caused the loss"-does not mean that an insured must prove the specific cause of loss.
For these three reasons, Couch on Insurance does not support State Farm's argument that the Court erred in its Summary Judgment Opinion and that State Farm is entitled to judgment as a matter of law.
b. State Farm Misunderstands LaMadrid
State Farm also cites LaMadrid , which involved an "all-risk policy of marine insurance,"[5] LaMadrid , 567 F. App'x at 696, for the proposition that an insured under an all-risks policy must prove the specific cause of loss. (Doc. 60 at 3, ¶ 5) (citing LaMadrid , 567 F. App'x at 701-02 ). State Farm supports its argument with the fact that in, LaMadrid , "the insured met its burden of showing accidental loss by offering expert testimony that the engine failure was caused by a relief valve failure." Id. (citing LaMadrid , 567 F. App'x at 701-02 ). State Farm, however, fails to understand that, although it is true that the insured in LaMadrid did show the specific cause of loss, this does not mean that proving the specific cause of loss is necessary for an insured to meet his prima facie burden. Instead, LaMadrid only shows that proving the specific cause of loss is sufficient.
In fact, the Eleventh Circuit in LaMadrid made clear that the insured's prima facie burden is a "light burden" and that an insured does not have to prove the *1245 specific cause of loss in order to meet his light prima facie burden:
Accordingly, in an action such as this to recover under an all-risk policy such as the one presently at issue, the insured must necessarily demonstrate that the damage or loss was fortuitous. E.g., Morrison Grain Co. [v. Utica Mut. Ins. Co.], 632 F.2d [424] at 430 & n. 18 [ (5th Cir. 1980) ]. Notably, this "burden of demonstrating fortuity is not a particularly onerous one." Id. at 430 ; see Int'l Ship Repair & Marine Servs., Inc. [v. St. Paul Fire and Marine Ins. Co.] , 944 F.Supp. [886] at 893 [ (M.D.Fla. 1996) ] ("[T]he burden of demonstrating a fortuitous event is not an onerous one."); Egan v. Wash. Gen. Ins. Corp. , 240 So.2d 875, 876 (Fla.Dist.Ct.App.1970) ("Plaintiff's burden of proof under such a policy is a light one: to make a prima facie case for recovery, he must show only that a loss has occurred."). In recognition of this "light" and "not particularly onerous" burden, "courts which have considered the question have rejected the notion that the insured must show the precise cause of loss to demonstrate fortuity." Morrison Grain Co. , 632 F.2d at 431 (emphasis added); see also Int'l Multifoods Corp. v. Commercial Union Ins. Co. , 309 F.3d 76, 84 (2d Cir.2002) (noting that insured "needs only to show a fortuitous loss; it need not explain the precise cause of the loss"); British & Foreign Marine Ins. Co. v. Gaunt , [1921] 2 A.C. 41, 47 ("[Insured] is not bound to go further and prove the exact nature of the accident or casualty which, in fact, occasioned his loss.").
LaMadrid , 567 F. App'x at 701 (emphasis by underlining added). Thus, despite State Farm's argument to the contrary, LaMadrid certainly does not stand for the proposition that an insured under an all-risks policy must prove the specific cause of loss.
Overall, State Farm misunderstands both sources that it cites in support of its argument that Mr. Brown must prove the specific cause of the damage to his home in order to meet his prima facie burden. Instead, Mr. Brown must only prove coverage absent any Policy exclusion, which he did during the summary judgment stage and may similarly do at trial. Thus, State Farm's argument that the Court erred in its Summary Judgment Opinion and that State Farm is entitled to judgment as a matter of law is incorrect.
B. State Farm Misunderstands What Evidence Can Be Used To Prove the Cause of Loss
Although Mr. Brown is not required to prove the specific cause of loss to meet his prima facie burden, even if he were required to do so, State Farm would still not be entitled to judgment as a matter of law because State Farm misunderstands what evidence can be used to prove the cause of loss. State Farm, citing only the Court's Summary Judgment Opinion, states that "only expert testimony" can be used to prove the cause of loss:
Here, only expert testimony is admissible to prove the cause of loss. [ (Doc. 57 at 15) ]. Thus, the only evidence a jury could use to assess the cause of damage to Mr. Brown's home is the testimony and reports of Mr. Cain and Mr. Carlysle: that the loss was the result of external soil forces/hydrostatic pressure, defective construction, and/or earth movement from a lightning strike.
(Doc. 60 at 4, ¶ 6) (emphases added) (citing doc. 57 at 15). However, the Court never stated in its Summary Judgment Opinion that only expert testimony could be used to prove the cause of loss. What the Court actually stated was that only expert witnesses-and not lay witnesses-can testify about causation. (Doc. 57 at 13) ("[T]he *1246 Court must determine if causation is something that only an expert can testify about. It concludes that only expert testimony is permitted." (emphasis added) ).
In fact, State Farm's argument that "only expert testimony is admissible to prove the cause of loss" (doc. 60 at 4, ¶ 6) (emphasis added) (citing doc. 57 at 15) is not only in tension with what the Court stated in its Summary Judgment Opinion but is also in tension with the role of the jury: "juries, not experts, are the ultimate arbiters of causation." Smith Lake Marina & Resort , 2017 WL 4167448, at *3 (citing Sentilles v. Inter-Caribbean Shipping Corp. , 361 U.S. 107, 80 S.Ct. 173, 4 L.Ed.2d 142 (1959) ). In fact, Smith Lake Marina & Resort states that "a jury is free to consider [lay] witness perceptions (along with all the evidence) when determining causation." Id. ; see also Nix v. State Farm Fire & Cas. Ins. Co. , No. 10-303, 2011 WL 13182998, at *5-6 (N.D. Ala. Mar. 8, 2011) (stating, in a case involving a "collapse" of a "basement retaining wall," that the lay witnesses' testimony would be admissible to the extent it "involve[d] their first-hand knowledge of the collapse and their actual observations of the damage" (emphasis added) (citing FED. R. EVID. 701 ) ).
Here, consistent with Smith Lake Marina & Resort and Nix , the Court in its Summary Judgment Opinion only struck the lay witness testimony of Mr. Brown and his contractors to the extent that their testimony "purport[ed] to conclude the cause of the damage to [Mr. Brown's] home." (Doc. 57 at 15). The Court did not strike the testimony of Mr. Brown and his contractors to the extent that their statements were based on "their observations and first-hand knowledge." (Id. at 13).
Thus, although Mr. Brown is not required to prove the specific cause of damage in order to meet his prima facie burden, even if he were so required, Mr. Brown could still meet his prima facie burden. More specifically, Mr. Brown could meet his prima facie burden by using the lay witness testimony that the court did not strike, such as "Mr. Sartain [seeing] evidence that lightning traveled down the tree to the ground and disturbed the soil between the tree and house." (See id. at 11 ); see also Nix , 2011 WL 13182998, at *6 (stating that lay witness testimony regarding lay witnesses' "actual observations of the damage" is admissible (citing FED. R. EVID. 701 ) ). Hence, State Farm's argument that the Court erred in its Summary Judgment Opinion and that State Farm is entitled to judgment as a matter of law also fails for the reason that other evidence besides expert testimony can be used to prove the cause of the damage to Mr. Brown's home.
C. State Farm's New Argument Presented at the Pretrial Conference Also Fails To Show Why State Farm Is Entitled to Judgment as a Matter of Law
In addition to the arguments that State Farm made in its Motion for Clarification regarding why it is entitled to judgment as a matter of law under the scenario in which a jury were to reject the testimony of both expert witnesses, State Farm argued at the pretrial conference held on October 3, 2018, that Nix v. State Farm Fire & Cas. Co. , 444 F. App'x 388 (11th Cir. 2011) (per curiam), shows it is entitled to judgment as a matter of law. Despite State Farm not making this argument in its Motion for Clarification (see doc. 60),[6] *1247 the Court will address it. Further, in order to fully address State Farm's argument, the Court will consider not only the Eleventh Circuit's four-paragraph per curiam opinion in Nix but also the district court's opinion in Nix v. State Farm Fire & Cas. Ins. Co. , No. 10-303, 2011 WL 13182998 (N.D. Ala. Mar. 8, 2011) (Coogler, J.).
State Farm is not entitled to judgment as a matter of law based on Nix. Nix does not support State Farm's argument that "[i]f the jury rejects both experts' theories, based on the undisputed facts in this case and the current procedural posture, there is no path for [Mr. Brown] to meet his burden" (doc. 60 at 4, ¶ 7) because the insureds in Nix had to meet a different and much higher burden than what Mr. Brown has to meet. As discussed supra , there are two competing methods of how to place the burden on the parties when a policy exclusion is involved in a case: (1) having the insured show prima facie coverage, then shifting the burden to the insurer to show prima facie that a policy exclusion applies, and then shifting the burden back to the insured to show that the damage is still covered by the policy, or (2) having the insured prove coverage, and then shifting the burden to the insurer to prove a policy exclusion as an affirmative defense. In its Summary Judgment Opinion, the Court applied the second method of treating a policy exclusion as an affirmative defense because it found this method more consistent with Alabama law. (See doc. 57 at 18-19). This means that Mr. Brown only had to prove coverage absent any Policy exclusion. However, the district court in Nix used the first method in which the insured bears the ultimate burden of proving coverage, including proving that an exclusion does not apply. Nix , 2011 WL 13182998, at *5. The district court in Nix described this method as follows:
Plaintiffs have the ultimate burden to establish that their claim is one that is covered by the terms of the Policy. If coverage is established and the insurer insists that an exclusion applies, "the insurer bears the burden of proving the applicability of [that] policy exclusion." However, the insurer's burden to prove the applicability of an exclusion does not "shift[ ] the general burden of proof from plaintiff to defendant." "[W]hen the defendant has offered evidence showing prima facie that the case is one of specified nonliability, the burden of showing a case within the operation of the policy remains upon the plaintiff."
Id. (alterations in original) (emphasis added) (citations omitted).
When comparing these two different methods of placing the burden on the parties, it is clear that the burden that Mr. Brown has to meet here is the same as the initial burden that the insureds had to meet in Nix : establishing that the loss is covered under the policy absent any exclusion. Both the Policy and the insurance policy in Nix provide coverage for "accidental direct physical loss to the [Dwelling], except as provided in SECTION I - LOSSES NOT INSURED ," (doc. 32-2 at 29); Nix , 2011 WL 13182998, at *5 n.2, and thus Mr. Brown and the insureds in Nix had to show the same thing to prove coverage: "accidental direct physical loss to the [Dwelling]." Notably, despite the insureds in Nix providing no evidence as to the cause of the damage to their basement, see Nix , 2011 WL 13182998, at *5 ("Plaintiffs have not proffered any evidence that their retaining wall collapsed due to [a variety of *1248 causes]."); id. at *6 ("Plaintiffs have no evidence that the 'collapse' in question was caused by a broken main water pipe and is covered under the [p]olicy."), the insureds in Nix appear to have met their initial burden of proving coverage. Although the Nix court never explicitly stated that the insureds met their initial burden, the Nix court was clear that under its method of placing the burden on the parties, the insurer would have the "burden [of] prov[ing] the applicability of an exclusion" only "[i]f coverage [was] established" by the insured. Nix , 2011 WL 13182998, at *5. Because the Nix court did reach the issue of whether the insurer had met its burden of proving the applicability of an exclusion," id. at *5 n.2 ("[The insurer] has fulfilled its burden to show, prima facie, that this loss is one of nonliability [because of an exclusion]."), the insureds in Nix must have met their initial burden to prove coverage absent any exclusion. Further, this conclusion is strengthened by the fact that the Nix court never made any statement indicating that it was assuming without deciding that the insureds had met their initial burden to prove coverage. Because the insureds in Nix met their initial burden of proving coverage absent any exclusion, Nix does not support State Farm's argument that Mr. Brown cannot meet his burden of proving coverage absent any exclusion without proving the cause of loss. Quite to the contrary, Nix shows how little an insured must prove to meet its burden to show coverage absent any exclusion and thus supports this Court's conclusion that Mr. Brown met his burden.
Further, the Nix court's discussion of whether the insureds met their ultimate burden of proving coverage after the insurer met its prima facie burden of proving an exclusion is inapplicable here. This is because, as discussed supra , the method of placing burdens that this Court used in its Summary Judgment Opinion, unlike the method that the Nix court used, does not shift the burden back to the insured to prove coverage after the insurer establishes a prima facie case that an exclusion applies; instead, the insurer must prove an exclusion as an affirmative defense, and the burden never shifts back to the insured. However, despite this section of Nix being inapplicable to this Court's analysis of whether Mr. Brown met his burden, the Court wishes to emphasize two points regarding the Nix court's analysis. The relevant analysis that the Court wishes to address is as follows:
Plaintiffs have not proffered any evidence that their retaining wall collapsed due to [a covered cause that is not excluded under the policy].
Plaintiffs do offer the testimony of Channell, the individual who performed temporary repairs on the retaining wall. Channell testified that it was his opinion that the retaining wall collapsed because the main line water pipe burst. Plaintiff Terry Nix also expressed his belief that the broken water pipe caused the retaining wall to collapse. If a broken main water pipe caused the collapse at issue, a jury could conclude that the damage was covered under the Policy as a collapse caused by a "[s]udden and accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective system, or from a household appliance." However, it is Plaintiffs' position that "[n]either [the opinion of Channell nor the opinion of Terry Nix] are expert opinions and [they] have not been offered as such." If neither Channell nor Terry Nix are experts, then their testimony is generally admissible only as it involves their first-hand knowledge of the collapse and their actual observations of the damage. Plaintiffs have not argued that Channell and/or Terry Nix have any scientific, technical, or other *1249 specialized knowledge to give a reliable (expert) opinion on the cause of the collapse at issue when neither individual witnessed the collapse. Consequently, Plaintiffs have no evidence that the "collapse" in question was caused by a broken main water pipe and is covered under the Policy. Without evidence that their loss is covered by the Policy, Plaintiffs cannot show Defendant breached the terms of the Policy by refusing to pay their claim. Therefore, summary judgment is due to be entered in favor of the defendant with regard to Plaintiffs' breach of contract claim.
Nix , 2011 WL 13182998, at *5-6 (alterations in original) (citations omitted).
First, the Court wishes to emphasize that Nix does not stand for the proposition that only expert testimony can be used to prove the cause of loss. Instead, Nix stands for the proposition that only expert witnesses can testify as to causation. Thus, to the extent that State Farm was arguing at the pretrial conference that Nix shows that only expert testimony can be used to prove the cause of loss, this argument is incorrect and is based on a misunderstanding of Nix. This becomes apparent when one considers the lay testimony that the insureds in Nix offered. Based on the information available in the Nix court's opinion, it appears that both lay witnesses only testified about causation and did not also testify as to their observations. See id. at *6 ("Channell testified that it was his opinion that the retaining wall collapsed because the main line water pipe burst." (emphasis added) (citation omitted) ); id. ("Nix also expressed his belief that the broken water pipe caused the retaining wall to collapse." (emphasis added) ). Thus, after the Nix court determined that neither lay witnesses were experts and could not testify as to causation, it followed that the insureds in Nix offered no evidence regarding the cause of loss. See id. ("Plaintiffs have not argued that Channell and/or ... Nix have any scientific, technical, or other specialized knowledge to give a reliable (expert) opinion on the cause of the collapse at issue when neither individual witnessed the collapse. Consequently, Plaintiffs have no evidence that the 'collapse' in question was caused by a broken main water pipe and is covered under the Policy." (citations omitted) ). However, if the insureds in Nix had offered lay witness testimony regarding the lay witnesses' first-hand knowledge and personal observations, the result would have been different, as the Nix court stated that lay witness testimony is admissible as to lay witnesses' "first-hand knowledge of the collapse" and "actual observations of the damage." Id. Thus, the reason that the insureds in Nix had "no evidence" regarding the cause of the damage was not because they offered only lay witness testimony but because they offered lay witness testimony only as to causation and not also as to first-hand knowledge and personal observations. In this case, however, Mr. Brown not only offered lay witness testimony regarding causation, which the Court struck (see doc. 57 at 15), but also offered lay witness testimony regarding lay witnesses' observations and first-hand knowledge, which the Court did not strike. (See id. at 11-15). Thus, as discussed supra , if Mr. Brown had to prove causation-which, under the Court's method of placing the burdens on the parties, he does not-Mr. Brown, unlike the insureds in Nix , offers proper lay witness testimony which he could use to prove causation.
Second, the Court wishes to emphasize that although the Nix court refers to the insureds' ultimate burden as having to prove that the damage "is covered under the [p]olicy," Nix , 2011 WL 13182998, at *6, this burden is different than Mr. Brown's burden here of having to prove that the damage to his home is covered under the Policy. Thus, to the extent that *1250 State Farm relied on this language when making its argument at the pretrial conference, State Farm's argument was based on a misunderstanding of Nix. As discussed supra , Mr. Brown's burden is to prove that the damage to his home is covered under the Policy absent any exclusion. However, in Nix , the insureds' ultimate burden was to prove that the damage to their home was "covered under the [p]olicy" as written, taking into account the exclusions. See id. at *5-6, *5 n.2. Thus, as discussed supra , despite the similar terminology, Mr. Brown's burden is a much easier burden to meet than the insureds' burden in Nix.
Thus, for the above reasons, the Court rejects State Farm's argument that Nix shows that State Farm is entitled to judgment as a matter of law.
V. CONCLUSION
State Farm is incorrect that the Court erred in its Summary Judgment Opinion and that State Farm is entitled to judgment as a matter of law. For State Farm to be entitled to JMOL, State Farm would have to be entitled to JMOL under both possible scenarios: (1) the scenario in which a jury were to accept the testimony of either expert witness, and (2) the scenario in which a jury were to reject the testimony of both expert witnesses. While the Court assumed without deciding that State Farm would be entitled to JMOL in this first scenario, State Farm would not be entitled to JMOL in this second scenario. State Farm's argument that it would be entitled to JMOL in this second scenario fails for three reasons.
First, State Farm misunderstands what Mr. Brown must show to satisfy his prima facie burden. Unlike State Farm argues, Mr. Brown does not need to show the cause of loss; instead Mr. Brown only needs to show coverage absent any Policy exclusion. Mr. Brown met his burden at the summary judgment stage and may meet his burden again at trial. Second, even if Mr. Brown did have to prove the cause of loss-which he does not-State Farm misunderstands what evidence can be used to prove the cause of loss. State Farm relies solely on this Court's Summary Judgment Opinion for its argument that "[h]ere, only expert testimony is admissible to prove the cause of loss." (Doc. 60 at 4, ¶ 6) (emphasis added) (citing doc. 57 at 15). However, the Court said no such thing. Instead, the Court stated that only expert witnesses-and not lay witnesses-can testify about causation. Further, quite to the contrary of State Farm's argument, other evidence besides expert testimony, such as lay witness testimony as to first-hand knowledge and personal observations, is admissible to prove the cause of loss. Third, State Farm is incorrect that Nix shows that State Farm is entitled to judgment as a matter of law. While the insureds in Nix did not meet their ultimate burden because they had no evidence as to the cause of loss, their burden was a much higher burden than Mr. Brown's burden. Mr. Brown only has to meet the light burden of proving coverage absent a Policy exclusion. Mr. Brown met this burden at the summary judgment stage and may meet this burden again at trial.
Thus, State Farm is not entitled to JMOL. Accordingly, the Court did not err in its Summary Judgment Opinion. The Court correctly denied State Farm's Summary Judgment Motion as to Mr. Brown's breach of contract claim because Mr. Brown met his prima facie burden of proving coverage absent an exclusion and State Farm did not meet its burden of proving a Policy exclusion, primarily because a jury could reject the testimony of both expert witnesses. Thus, if the same evidence presented during the summary judgment stage is presented at trial, the Court would not have to grant a JMOL motion in favor of State Farm.
*1251 The Motion for Clarification is GRANTED to the extent that the Court, in this opinion, provided clarification regarding its Summary Judgment Opinion. For the reasons stated in this opinion, however, the Motion for Clarification is otherwise DENIED . State Farm is not entitled to judgment as a matter of law, and the Court did not err in its Summary Judgment Opinion by allowing Mr. Brown's breach of contract claim to proceed to trial.
DONE and ORDERED this the 19th day of October, 2018.

The Summary Judgment Opinion discussed not only whether the damage to Mr. Brown's home was covered or excluded by the Policy but also whether Mr. Brown could recover for mold damage and for mental anguish damage. (See doc. 57 at 28-33). The discussion regarding damages is not relevant to the Motion for Clarification and thus will not be discussed in this opinion.

For a breach of contract claim, the insured must prove several other elements in addition to coverage to meet his prima facie burden. See 17A Steven Plitt et al., Couch on Insurance § 254:11 (3d ed. 2018) ("Generally speaking, the insured bears the burden of proving all elements of a prima facie case[,] including the existence of a policy, payment of applicable premiums, compliance with policy conditions, the loss as within policy coverage, and the insurer's refusal to make payment when required to do so by the terms of the policy." (emphasis added) (footnote omitted) ); id. § 254:15 ("These principles generally apply to all-risks policies ...."). Here, however, the only element at issue is coverage, and thus this is the element that the Court will focus on. Thus, any time the Court states that the insured must only prove coverage, the Court is stating that the insured need only prove coverage and not the specific cause of loss. The Court is not stating that coverage is the only element that the insured must prove.

Although it is unclear whether the policy in Smith Lake Marina & Resort was an all-risks policy, this possible difference does not matter since, as stated supra note 2 in the parenthetical of the citation to 17A Steven Plitt et al., Couch on Insurance § 254:15 (3d ed. 2018), the principles that apply to general insurance policies usually also apply to all-risks policies. Further, this similarity in how general insurance policies and all-risks policies are treated can be seen in the similarity with which the courts in St. Paul Fire & Marine Insurance Co. and Smith Lake Marina & Resort state the insured's burden as proving coverage.

Although Persian Galleries is different from this case in that here State Farm is asserting that several exclusions under the Policy apply, this distinction does not matter because, under Alabama law, the insured has the burden of proving coverage "absent an exclusion in the policy," and the insurer then has the burden of proving any exclusions. See St. Paul Fire & Marine Ins. Co. , 203 So.3d at 810.

LaMadrid does not involve Alabama law. However, the Court will still address State Farm's argument.

Although State Farm cited Nix to support its argument that "State Farm has proven the application of [a Policy] exclusion" under the scenario in which "the jury accepts either of the experts' theories," (see doc. 60 at 5, ¶ 8), the Court is assuming, without deciding, that this is true. Thus, the Court is only analyzing whether State Farm would also be entitled to judgment as a matter of law under the scenario in which a jury were to reject the testimony of both expert witnesses. In its Motion for Clarification, State Farm never cited Nix to support its argument regarding this scenario. (See id. at 3-4, ¶¶5, 6, 7).